**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALICIA KESLER,

    Plaintiff - Appellant,

v.

COUNTRYWIDE HOME LOANS; SCOTT
LUNDBERG & ASSOCIATES; J. SCOTT
LUNDBERG; ARGENT MORTGAGE;
BACKMAN STEWART TITLE; FIRST
FRANKLIN FINANCIAL; FIDELITY
NATIONAL TITLE; PNC FINANCIAL
SERVICES GROUP; FIRST AMERICAN
TITLE; SELECT PORTFOLIO
SERVICING; ANGELA ATENA; GREG
OTT; GARY OTT; CHARLES BROWN &
ASSOCIATES, doing business as
Docsolution; ETITLE INSURANCE;
SHELLPOINT; MTGLQ INVESTORS;
NEW PENN FINANCIAL, doing business
as Shellpoint Mortgage Servicing;
STEPHANIE WESSEL; KEVIN MORAN;
MARISSA RAMSEY; THE TRUSTEE
COMPANY; LUNDBERG &
ASSOCIATES; RM LIFESTYLES; LORI
KING,

    Defendants - Appellees.

No. 19-4072

(D.C. No. 2:18-CV-00469-RJS)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th

(continued...)

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Alicia Kesler, proceeding pro se, filed suit against numerous defendants, demanding in excess of one billion dollars for the nonjudicial foreclosure of her mortgage. Kesler sought service of process by the United States Marshals. That motion was denied without prejudice and she never renewed it. Eventually all defendants moved to dismiss Kesler's complaint under Fed. R. Civ. P. 4(m) for failure to properly serve process. After Kesler failed to provide proof of lawful and timely service of process, the district court dismissed Kesler's complaint without prejudice. Kesler appeals, though she does not address in any fashion the propriety of the dismissal of her complaint for failing to timely and properly serve the defendants.

Because the district court's order of dismissal is not a final order, this court lacks jurisdiction over Kesler's appeal. Here, the district court's order makes clear that it was dismissing Kesler's complaint, not her entire action. *Moya v.*

---

*Schollenbarger*, 465 F.3d 444, 451 (10th Cir. 2006).  That is, the district court's order of dismissal makes clear Kesler can file a new complaint and the case will proceed as long as she properly and timely serves the defendants.  *Id.*; *see also Brown v. Fisher*, 251 F. App'x 527, 531 (10th Cir. 2007) (unpublished disposition cited only for its persuasive value) (noting that when a district court order dismissing a complaint under Rule 4(m) allows a plaintiff-appellant to "re-file and properly serve his complaint," the dismissal is not a final order under *Moya*).

Because the order on appeal is not final, this court lacks jurisdiction under 28 U.S.C. § 1291.  Accordingly, this appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge